IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EDDIE NELSON GARCIA,**
*Petitioner*

vs.                                                                                         No._____

**BILLY MASSINGILL,** WARDEN
Regional Correctional Center

**GEORGE ZOLEY**, CHIEF EXECUTIVE OFFICER
GEO Group, Inc.

**GOVERNOR, PUEBLO OF KEWA
OR OFFICIAL, KEWA PUEBLO TRIBAL COURT
(Formerly known as the Pueblo of Santo Domingo)
&
PATRICIA BROKEN LEG-BRILL
BUREAU OF INDIAN AFFAIRS
INDIAN CORRECTIONS SPECIALIST**
*Respondents*

### PETITION FOR WRIT OF HABEAS CORPUS FOR RELIEF FROM A TRIBAL COURT CONVICTION PURSUANT TO 25 U.S.C. §1303

**COMES NOW** the Petitioner, Eddie Nelson Garcia, by and through his counsel of record, Barbara L. Creel, Supervising Attorney, and Summer McKean, Clinical Law Student, at the Southwest Indian Law Clinic, University of New Mexico School of Law Clinical Law Programs and petitions this court for a Writ of Habeas Corpus pursuant to 25 U.S.C. §1303. The writ should issue based upon the following:

### FACTUAL AND PROCEDURAL BACKGROUND

1.   Petitioner Eddie Nelson Garcia ("Mr. Garcia") is an enrolled member of the Pueblo of Kewa (formerly Pueblo of Santo Domingo) Indian Tribe, a federally recognized Indian Tribe in New Mexico. See Fed. Reg. 74, 40221 (August 11, 2009).

2.   Mr. Garcia resided within the exterior boundaries of the Pueblo of Kewa Reservation in New Mexico at all times relevant to this case.

August 3, 2010, Arrest and Sentence:

3.     On August 3, 2010, Mr. Garcia's former girlfriend ("BC") came to his house, located on the reservation. The two were visiting with Mr. Garcia's cousin at Mr. Garcia's house when Officer Tenorio, a Tribal Officer, entered the house through a window without permission or consent. Officer Tenorio arrested Mr. Garcia, BC, and the cousin. All three were taken directly to the Sandoval County jail, where they were detained until Friday, August 6, 2010. Officer Tenorio had a prior romantic relationship with BC.

4.     On Friday, August 6, 2010, Mr. Garcia was released from the Sandoval County jail and taken back to Kewa Pueblo by Officer Tenorio. Officer Tenorio informed Mr. Garcia that he was required to complete community service, in the form of cleaning up the Pueblo carnival grounds after the annual feast, which had taken place two days prior, on August 4, 2010. Others released at the same time were told the same thing.

5.     Mr. Garcia appeared as required and cleaned the Pueblo carnival grounds on Saturday, August 7, 2010. He did the same on Sunday, August 8, 2010.

6.     On Monday, August 9, 2010, Mr. Garcia went before the Tribal Court. Among those sitting that day on the Tribal Court was Officer Tenorio, the arresting officer. The traditional Tribal Court imposed a sentence of five days of community service and a fine of $180. When Mr. Garcia reported that he had completed community service as he was told and questioned why others had not done so, the Tribal Court imposed an additional five days of community service.

7.     Mr. Garcia worked at community service over the next several days, and completed the sentence on August 16, 2010.

August 19, 2010, Arrest, Conviction, and Sentence:

8.      On August 19, 2010, BC stopped by Mr. Garcia's house on the reservation while he was in the yard and asked him to meet her at her cousin's house. He did so. BC told Mr. Garcia that Officer Tenorio had issued a restraining order in her name against Mr. Garcia. BC said that she had not made the request and had not authorized the complaint leading to the restraining order. BC told Mr. Garcia that the restraining order ordered Mr. Garcia to stay 1500 feet away from BC, or he would be jailed for 72 hours and fined.

9.      While Mr. Garcia and BC were talking, Officer Tenorio came through the back door of the house, again without notice or consent. Officer Tenorio hit Mr. Garcia in the eye and mouth. Officer Tenorio called the Bureau of Indian Affairs (BIA) police to complete the investigation.

10.     BIA Officer Gallegos came to the house and arrested Mr. Garcia and BC. Officer Gallegos took Mr. Garcia to the hospital to check the wounds from Officer Tenorio's assault (see attached Exhibit A, Hospital Report). Officer Gallegos took pictures of Mr. Garcia as evidence. Officer Gallegos then transported Mr. Garcia to the Sandoval County jail. Mr. Garcia was held from August 19, 2010, to August 21, 2010, in the county jail.

11.     On August 21, 2010, Mr. Garcia and BC were released from the Sandoval County jail and taken to the Kewa tribal offices for adjudication before the traditional Tribal Court. They were placed in separate rooms. Mr. Garcia went before the Tribal Court. Mr. Garcia was presented with a yellow sheet of paper which had the charges and sentence already written on it, and which was already signed by the Tribal Governor. Mr. Garcia was told that he was sentenced to one year in jail for violating probation, violating a restraining order, liquor violation, intoxication, and for non-compliance. Mr. Garcia was asked for his signature and a plea. Mr. Garcia began to complain that he had never signed anything regarding probation when he was

before the court previously, but finally pled guilty. Given his experience when he asked about compliance with community service, he understood that if he continued to talk, it would only increase his sentence.

12.     After Mr. Garcia signed the paperwork presented (Attached Exhibits B and C), a Tribal Court official read the restraining order stating that Mr. Garcia should stay away from BC. Mr. Garcia reported that BC had not filed the complaint leading to the restraining order and that she had not given consent to the complaint or to the restraining order. Officer Tenorio, who was again a member of the Tribal Court, admitted that he had filed it on BC's behalf (see attached Exhibit D, Civil Complaint). Mr. Garcia asked the other Tribal Court members in open court whether Officer Tenorio was allowed to do this. No one answered. Mr. Garcia was told to sign the restraining order. He did so.

13.     Mr. Garcia was sentenced by the traditional Tribal Court, including arresting Officer Tenorio, to 365 days at the Regional Correctional Center ("RCC"). He was taken from the Tribal Court to the Sandoval County jail. He remained there for two days, and was then transported to the RCC, where he remains incarcerated.

14.     On August 26, 2010, several days after Mr. Garcia entered the RCC, BIA officer R. Chavez #840 came to the jail with another restraining order similar to the one that Mr. Garcia had signed while at the Tribal Court hearing. The restraining order was already signed by the Tribal Governor and by Lieutenant Governor on August 11, 2010. Mr. Garcia was told to sign to accept service of this restraining order (Attached Exhibit E, Santo Domingo Tribal Court Restraining Order). The BIA officer signed the restraining order at the same time. This restraining order requires that Mr. Garcia "stay away (approx. 1500 ft) from _ Located in Santo Domingo Pueblo and/or anywhere in New Mexico" [space for name left blank]. It should be

noted that BC lives closer than 1500 feet from Mr. Garcia's home. He cannot live at his house without violating the restraining order.

Attempt to Obtain a Post-Conviction Remedy from Tribe:

15.     On October 20, 2010, Mr. Garcia obtained counsel through the Southwest Indian Law Clinic, Clinical Law Program at the University of New Mexico School of Law.

16.     On October 27, 2010, a request for documents related to Mr. Garcia's detention was sent to the RCC and delivered to Kewa Pueblo. Kewa Pueblo responded by sending the criminal complaint and sentencing document from the Tribal Court (attached as Exhibits B and C). The RCC did not respond.

17.     Out of an abundance of caution, Mr. Garcia filed a Motion to Reconsider Sentence with the Kewa Tribal Court concurrently with the filing of this Petition. A copy of this motion is attached as Exhibit F.

18.     Although Mr. Garcia has no appeal rights from the traditional Tribal Court, this Motion to Reconsider Sentence is sufficient to give the Tribe a last clear chance to rectify and remedy the illegal detention.

19.     As of the date of filing this petition, neither Mr. Garcia nor Counsel expects the Tribe to respond to the Motion to Reconsider Sentence. Based on previous experience in similar cases, Mr. Garcia is without the sincere belief that the Tribe will identify any available further process or tribal remedy. The Tribe has issued no valid decision and has provided no analysis on which this Court can rely. Instead, the plain reading of the record shows that egregious due process violations in violations of the Indian Civil Rights Act (ICRA) have occurred. Mr. Garcia has exhausted all appropriate tribal remedies.

The Current Petition:

20.     This petition for Writ of Habeas Corpus ("Petition") follows, pursuant to 25 U.S.C. §1303.

21.     This Court has jurisdiction to hear this petition pursuant to 25 U.S.C. §1303.

22.     Venue is proper in the Federal District Court of New Mexico, as Mr. Garcia remains in custody pursuant to the Pueblo of Kewa Tribal Court's order and is currently incarcerated in New Mexico.

23.     The underlying tribal conviction, detention and sentence are illegal and in violation of the Indian Civil Rights Act. Mr. Garcia is entitled to immediate habeas corpus relief based on the following violations:

I:      **THE INDIAN TRIBE VIOLATED MR. GARCIA'S RIGHT TO BE SECURE AGAINST UNREASONABLE SEARCH IN VIOLATION OF THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1303(2).**

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM I:

The Indian Tribe, in exercising its powers of self-government, violated Mr. Garcia's right to be secure in his home when a Tribal Officer came in through the window of his home on August 3, 2010. The same officer came through the back door of a friend's home on August 19, 2010 and assaulted Mr. Garcia. This deprived Mr. Garcia of his right to be secure in his home and his right against unreasonable search and seizure in violation of the Indian Civil Rights Act 25 U.S.C. §1302(2).

**II.     THE INDIAN TRIBE DENIED MR. GARCIA THE RIGHT TO CONFRONT WITNESSES AGAINST HIM IN VIOLATION OF THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1302(6).**

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM II:

The Indian Tribe, exercising its powers of self-government, denied Mr. Garcia the opportunity to confront witnesses against him regarding the restraining order or whether he had been on probation. Mr. Garcia could not rebut the allegations made in the restraining order. Because BC was placed in a separate room, he had no opportunity to present her as a witness to the fact that she did not want the restraining order. The only other witness regarding the facts of the restraining order was the Tribal Officer involved in both arrests, who was also serving as a member of the Tribal Court. Mr. Garcia was afforded no opportunity to present testimony regarding his completion of community service, and was not presented with any witness or documentation regarding the alleged probation violation. Mr. Garcia was deprived of his right to due process in violation of the Indian Civil Rights Act §1302(6). Mr. Garcia's conviction is therefore void. His conviction should be vacated and the writ should issue.

**III.    THE INDIAN TRIBE DEPRIVED MR. GARCIA OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW AS REQUIRED UNDER THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1302 (8) BY FAILING TO ALLOW HIM TO DEFEND HIMSELF REGARDING THE CHARGES AGAINST HIM.**

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM III:

The Indian Tribe, in exercising its powers of self-government, denied Mr. Garcia due process of law when it failed to allow him the opportunity to offer a defense regarding the charges against him. Mr. Garcia was simply provided with an arraignment and judgment sheet with the sentence already filled in (Exhibit B, Arraignment and Judgment Form for the Tribal Court for the Pueblo of Santo Domingo). He was told to plead. He checked the "guilty" box because he was afraid that if he tried to defend himself the sentence would be increased.

### IV.     THE INDIAN TRIBE VIOLATED MR. GARCIA'S RIGHT TO COUNSEL GUARANTEED UNDER THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1302(6).

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM IV:

The Indian Tribe, in exercising its powers of self-government, denied Mr. Garcia the right to counsel. The Indian Civil Rights Act provides that a defendant subject to criminal proceedings may have the assistance of counsel at his own expense. 25 U.S.C. §1302(6). At the time of arrest on August 19, 2010, Mr. Garcia was not advised of his right to obtain counsel, nor was he afforded sufficient opportunity to obtain counsel. Tribal Officials gave no notice of how long he would be in custody or of the date of the next proceeding in his case. He had no opportunity to request an attorney while in jail between the arrest and the sentencing. Instead, Mr. Garcia assumed that he must represent himself, in violation of I.C.R.A. At the hearing and sentencing on August 21, 2010, he was not given the opportunity to retain counsel at his own expense. The Tribe failed to inform Mr. Garcia of the rules that would allow proper representation in tribal proceedings. There is no record of Mr. Garcia having waived his right to retain counsel. Denial of the right to counsel is in violation of I.C.R.A. 25 U.S.C. §1302(6). The conviction is therefore illegal and the writ should issue.

### V.      THE INDIAN TRIBE IMPOSED AN EX POST FACTO SENTENCE AND EXPOSED MR. GARCIA TO DOUBLE JEOPARDY WHEN IT IMPOSED PROBATION AFTER THE ORIGINAL SENTENCE HAD BEEN SERVED, IN VIOLATION OF THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1302(3) AND (9).

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM V:

Mr. Garcia was not informed of any probation requirement at his August 9, 2010 hearing after the first arrest, on August 3, 2010. At the August 9, 2010 hearing Mr. Garcia was told to pay a fine and do community service. Probation was not discussed or imposed. Any probation, then, must have been imposed after Mr. Garcia completed his sentence for the August 3, 2010 violations. Imposition of an ex post facto sentence, added to the original sentence after the original sentence was completed, is clearly counter to the intent of ICRA., which prohibits ex post facto laws in §1302(9), and prohibits double jeopardy for the same offense in §1302(3). The sentence is therefore illegal and the writ should issue.

VI. **THE INDIAN TRIBE VIOLATED MR. GARCIA'S RIGHT TO DUE PROCESS OF LAW UNDER THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1302(8) WHEN IT ISSUED A RESTRAINING ORDER IN THE NAME OF A PETITIONER WHO DID NOT ACTUALLY PETITION FOR THE ORDER.**

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM VI:

The Indian Tribe, in exercising its powers of self-government, issued a restraining order against Mr. Garcia in response to a complaint made by a person other than the petitioner and without the consent of the petitioner. Exhibit , Santo Domingo Court Restraining Order. The fact that the named petitioner sought out Mr. Garcia and was present with him of her own will at both arrests, demonstrates the unreasonableness of the order. The restraining order states that if Mr. Garcia is found within 1500 feet of BC he is subject to arrest and a fine. Mr. Garcia's home is within 1500 feet of BC's home. Mr. Garcia cannot live in his home without violating the restraining order. The restraining order was solicited by Tribal Officer Tenorio, the arresting officer at both August arrests. Enforcement of the restraining order violates Mr. Garcia's right to due process of law, violation of ICRA 25 U.S.C. 1302(8). The restraining order is illegal. The sentence based on violation of the restraining order is illegal and the writ should issue.

VII. **THE INDIAN TRIBE VIOLATED MR. GARCIA'S RIGHT TO A JURY TRIAL UNDER THE INDIAN CIVIL RIGHTS ACT 25 U.S.C. §1302(10) WHEN IT FAILED TO INFORM HIM OF HIS RIGHT TO REQUEST A JURY TRIAL.**

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM VII:

The Indian Tribe, in exercising its powers of self-government, failed to inform Mr. Garcia of his right to request a jury trial. Because Mr. Garcia was not represented at the Tribal Court hearing on August 21, 2010, he should have been informed, as a *pro se* defendant, of his right to a jury trial. Failure to inform Mr. Garcia of this right violated the Indian Civil Rights Act 25 U.S.C. §1302(10). There is no record of Mr. Garcia having waived his right to a jury trial. The sentence is illegal and the writ should issue.

A tribe may elect to provide higher levels of protection than those offered by ICRA, but not lower. Unless a Tribe offers to provide greater protection, the Indian Civil Rights Act provides the minimum, and sometimes the only, protections guaranteed to defendants appearing in tribal courts. As a result of the violations of the ICRA outlined above, Mr. Garcia has been

denied access to a fair hearing and has been deprived of his liberty without due process of law. The conviction and sentence are illegal and the writ should issue.

### VIII. MR. GARCIA'S RIGHTS AS A UNITED STATES CITIZEN ARE VIOLATED BY CONTINUED INCARCERATION IN A PRIVATE JAIL FACILITY PURSUANT TO A CONTRACT PAID FOR WITH FEDERAL FUNDS WHEN THE DETENTION IS ILLEGAL AND CONTRARY TO THE UNITED STATES CONSTITUTION AND THE INDIAN CIVIL RIGHTS ACT.

CONCISE STATEMENT OF FACTS IN SUPPORT OF CLAIM VIII:

Mr. Garcia is a United States citizen. He is entitled to the Constitutional protections enjoyed by all Americans. His current incarceration violates his rights to due process and a fair hearing, as well as protections against double jeopardy and ex post facto sentence. Mr. Garcia is being illegally detained by the Tribe. Because the contract that the Indian Tribe has with the federal jail facility is paid for by the Federal government, the detention must be lawful under the United States Constitution. The conviction is illegal and the writ should issue.

## CONCLUSION

**WHEREFORE**, Mr. Garcia respectfully requests that this Court:

(1) Find his August 21, 2010 conviction illegal and in violation of the Indian Civil Rights Act and the United States Constitution;

(2) Find the Santo Domingo Tribal Court Restraining Order illegal and in violation of the Indian Civil Rights Act for due process violations;

(3) Issue the writ of habeas corpus commanding Respondents to release Mr. Star from their custody immediately; and,

(4) Grant any further relief that the Court deems just and proper.

Respectfully Submitted,

/s/ Barbara Creel                                        /s/ Summer McKean

_____          _____

Barbara Creel                                             Summer McKean
*Attorney for Petitioner Eddie Nelson Garcia*   *Clinical Law Student for Petitioner*
Southwest Indian Law Clinic
University of New Mexico School of Law
MSC11-6070
1 University of New Mexico
Albuquerque, NM 87131-0001

I HEREBY CERTIFY that on the 4th day of December, 2010,
I filed the foregoing electronically through the CM/ECF system,
and that on such date I served the foregoing on the following
non-CM/ECF Participants in the manner indicated:

Via first class mail addressed as follows:

George Zoley, Chief Executive Officer
Geo Group, Inc.
Regional Correctional Center
415 Roma Ave. NW
Albuquerque, NM 87031

Billy Massingill, Warden
Regional Correctional Center
415 Roma Ave. NW
Albuquerque, NM 87031

Pueblo of Kewa
P.O. Box 99
Santo Domingo, NM 87052

Ms. Patricia Broken Leg-Brill
BIA Division of Corrections
Southwest Regional Office
1001 Indian School Road
Albuquerque, NM 87105


Electronically filed
*/s/Barbara Creel*
Attorney for Petitioner